Brian K. Condon, Esq.
Condon Catina & Mara, PLLC
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500 (Telephone)
(845) 627-8507 (Facsimile)
Brian@CCMLawOffices.com

*Attorneys for Plaintiff Kristin Shenk*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| RANDY JAY SARF, | Case No. 19-11358 (CGM) |
| Debtor. | |

-------------------------------------------------------X

| | |
|---|---|
| KRISTIN SHENK, | Adversary Pro. No. |
| Plaintiff, | |
| -against- | **COMPLAINT AND** |
| | **JURY DEMAND** |
| RANDY JAY SARF, | |
| Defendant. | |

-------------------------------------------------------X

## COMPLAINT TO DETERMINE NON-DISCHARGABILTY OF DEBT

The Plaintiff, Kristin Shenk, through her undersigned attorneys, as and for her Complaint against the Defendant, Randy Jay Sarf, upon her present knowledge, information, and belief, hereby alleges as follows:

### THE PARTIES

1. Plaintiff, Kristin Shenk ("Shenk" or "Plaintiff") is an individual residing within the State of California at 118 Park Place, Apt. A, Venice, California. Shenk is a creditor of the Debtor.

-1-

2. Defendant, Randy Jay Sarf ("Sarf" or "Debtor"), is an individual residing within the State of New York, with a last known residence located at 626 1st Avenue, Apt. 11B, New York, New York 10016, and the Debtor in the Chapter 7 proceeding before this Court under Case No. 19-11358 (CGM).

## THE CHAPTER 7 PROCEEDINGS

3. On April 29, 2019, Sarf filed a voluntary Petition seeking an Order for relief under the provisions of Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). The Petition was incomplete when filed, and the Court set deadlines on or before June 13, 2019 for the Debtor to complete his filings.

4. On June 5, 2019, Sarf filed a Notice of Voluntary Conversion from Chapter 13 to Chapter 7. Said filing was also missing its schedule, which the Court ordered to be filed by June 19, 2019.

5. On June 6, 2019, Angela Tese-Milner, Esq. (the "Trustee") was appointed Chapter 7 Trustee and duly qualified to act as such in the Debtor's case.

6. On July 10, 2019, Sarf filed:

   a. Summary and Assets Liabilities Schedules;
   b. Certain Schedules (A/B, C, D, E/F, G, H, I, and J);
   c. Declaration about Individual Debtor's Schedules;
   d. Statement of Financial Affairs,
   e. Statement of Intention;
   f. Chapter 7 Statement of Current Monthly Income – Form 122A-1;
   g. Disclosure of Compensation of Attorney for Debtor (Rule 2016(b)) – Form 2030; and
   h. Matrix.

7. Pursuant to the Notice of 341(a) Meeting of Creditors issued by the Court, the last day to oppose the discharge of the debtor or to challenge dischargeability of certain debts was September 30, 2019 (Case No. 19-11358-cgm, Docket No. 10).

8. Sarf and his counsel failed to appear at the 341(a) Meeting of Creditors on July 30, 2019.

9. By Notice of Presentment filed on August 15, 2019, the Trustee adjourned the 341(a) Meeting of Creditors to September 26, 2019 at 9:30 A.M. at the 341 meeting room, United States Bankruptcy Court, S.D.N.Y., New York, New York 10004.

10. On August 16, 2019, Sarf filed a Personal Financial Management Course Certificate, which course was allegedly provided by Sage Personal Finance.

11. By Stipulation, dated September 30, 2019, Debtor agreed to extend Shenk's time through and including December 31, 2019 to file a motion to object to discharge under 11 U.S.C. § 727 and/or file a motion pursuant to 11 U.S.C. 707(b) to have the case dismissed or converted to a Chapter 13 matter.

## JURISDICTION AND VENUE

12. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

13. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (C), (I), (J), and (O).

14. Sarf's Bankruptcy case, Case No. 19-11358 (CGM), is now pending in this Court.

15. Venue of this adversary proceeding is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409.

16. This proceeding has been commenced pursuant to Bankruptcy Code §§ 105(a), 523, 541, and Rule 4007 of the Federal Rules of Bankruptcy Procedure, as well as Part VII of the Federal Rules of Bankruptcy Procedure.

## NATURE OF THE ADVERSARY PROCEEDING

17. Plaintiff brings this Adversary Proceeding seeking, *inter alia*, declaratory judgment excluding debts from being discharged pursuant to 11 U.S.C. § 523 and for a determination by the Court that the claims of the Plaintiff are non-dischargeable.

## FACTUAL BACKGROUND

18. Shenk was employed by the Debtor and his companies, HRI Consulting Inc. ("HRI"), JZRM Corporation ("JZRM"), and MRJZ Inc. ("MRJZ"), as a Chief Financial Officer for over fifteen (15) years.

19. HRI, JZRM, and MRJZ have filed for bankruptcy relief as well and were all consolidated in a Chapter 7 proceeding in this Court.

20. Debtor used Shenk's personal credit cards for his personal uses and received loans of monies from Shenk in amounts exceeding Seven Hundred Thousand and 00/100 ($700,000.00) dollars.

21. Debtor has failed to remit payment to Shenk for these loans and credit card charges, although he has admitted to Shenk that he owes this money to Plaintiff.

## COUNT I
### Non-Dischargeability due to False Pretenses – 11 U.S.C. § 523(a)(2)

22. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "21", as if fully set forth herein.

23. Debtor obtained Plaintiff's credit cards and loan proceeds through false pretenses. The credit cards and loans would never have been made available by Plaintiff to Debtor had Plaintiff known Debtor's intended scheme of diversion and non-payment.

24. By reason of the foregoing, Debtor's debts to Plaintiff are wholly non-dischargeable.

## COUNT II
**Non-Dischargeability due to False Representation – 11 U.S.C. § 523(a)(2)**

25. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "24", as if fully set forth herein.

26. Debtor obtained Plaintiff's credit cards and loans through false representations that Debtor would be responsible for the payment of the credit cards bills and repayment of the monies loaned from Shenk.

27. By reason of the foregoing, Debtor's debts to Plaintiff are wholly non-dischargeable.

## COUNT III
**Non-Dischargeability due to Actual Fraud – 11 U.S.C. § 523(a)(2)**

28. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "27", as if fully set forth herein.

29. Debtor obtained Plaintiff's loans through actual fraud as provided herein.

30. Plaintiff relied upon Defendant and was induced to continue to make loans to the Debtor and make her credit cards available to the Debtor as a result of the Debtor's misrepresentations. Plaintiff's reliance was justified because she had no reason to believe that the Debtor would refuse to repay the loaned monies and the credit cards charges, as Debtor promised repayment to Plaintiff.

31. By reason of the foregoing, Debtor's debts to Plaintiff are wholly non-dischargeable.

## COUNT IV
**Non-Dischargeability due to Larceny – 11 U.S.C. § 523(a)(4)**

32. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "31", as if fully set forth herein.

33. Debtor's debt to Plaintiff arose through larceny as provided herein.

34. By reason of the foregoing, Debtor's debts to Plaintiff are wholly non-dischargeable.

## COUNT V
## Non-Dischargeability due to Willful and Malicious Injury – 11 U.S.C. § 523(a)(6)

35. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "34", as if fully set forth herein.

36. Debtor's debt to Plaintiff arose through willful and malicious injury as provided herein.

37. By reason of the foregoing, Debtor's debts to Plaintiff are wholly non-dischargeable.

## COUNT VI
## Unjust Enrichment

38. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "37", as if fully set forth herein.

39. Debtor was enriched as a result of the loans made by Plaintiff and Debtor's access to Plaintiff's credit cards for his personal use.

40. The enrichment of the Debtor was at the expense of the Plaintiff and the Debtor's bankruptcy estate.

41. The circumstances relating to the loans and credit card usage are such that equity and good conscience require that the Debtor compensate the Debtor's bankruptcy estate.

42. By reason of the foregoing, Plaintiff is entitled to an Order and Judgment against the Debtor in an amount as yet undetermined, but in no event believed to be less than $700,000.00, plus interest thereon, attorney's fees and costs, and such other amount as may be determined by the Court.

## COUNT VII
## Award of Attorney's Fees to Plaintiff

43. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs "1" through "42", as if fully set forth herein.

44. Plaintiff was compelled to commence the instant adversary proceeding as a result of Debtor's wrongful act as described in the paragraphs herein above.

45. Pursuant to Bankruptcy Rule 7008(b), Plaintiff is entitled to recover her attorney's fees and costs from the Debtor because of Debtor's bad faith filing in bankruptcy evidence by trying to shield his assets and falsify his bankruptcy schedules and filings.

46. By reason of the foregoing, Plaintiff is entitled to recover attorney's fees based on the statutory provisions.

**WHEREFORE**, Plaintiff prays for an Order and Judgment of this Court:

    a.   Finding and adjudging that the claims of Plaintiff are non-dischargeable pursuant to any or all of 11 U.S.C. § 523;

    b.   Awarding judgment in favor of Plaintiff against Debtor in an amount to be determined at trial, but no less than $700,000.00 dollars, together with pre-judgment and post-judgment interest;

    c.   Awarding Plaintiff's costs, reasonable attorney's fees, and disbursements associated with the within adversary proceedings; and

    d.   Granting such other and further relief as the Court may deem just, proper, and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**[intentionally left blank]**

19-01365-cgm    Doc 1    Filed 09/30/19    Entered 09/30/19 17:52:17    Main Document
Pg 8 of 8

Dated: Nanuet, New York
September 30, 2019

                                                 Yours, etc.

CONDON CATINA & MARA, PLLC

By: /s/ Brian K. Condon
      Brian K. Condon
*Attorneys for Kristin Shenk*
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500 (Telephone)
(845) 627-8507 (Facsimile)
Brian@CCMLawOffices.com